■ The People of the State of New York, Respondent, v Kerry Kotler, Appellant. [818 NYS2d 613]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered October 23, 1997, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of rape in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Although the victim was unable to identify the defendant as the rapist, DNA testing of medical evidence collected from a rape kit and of a skirt worn by the victim on the night of the attack established the presence of the defendant's semen on the victim's skirt and on vaginal swabs taken from the victim. The defendant's theory that the police planted the evidence by taking a condom from the defendant's garbage and spilling his semen onto the victim's clothing was heard and rejected by the jury. We find no basis to disturb the jury verdict.

The trial court providently exercised its discretion in only giving an adverse inference charge with respect to the People's destruction of certain *Rosario* material and loss of other *Rosario* material (*see People v Martinez*, 71 NY2d 937, 940 [1988]; *People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]). The form of the charge given was proper as well.

The defendant's contention relating to the composition of the jury panel is unpreserved for appellate review, and his remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.